PETITION OF HENRY S. YOUNG & others for an Opinion of the Court.

T. Y. executed and delivered to his son, E. S. Y., a warranty deed of certain woodland "to the said E. S. Y., his heirs and assigns forever." The deed, just before the attestation clause, reserved to the grantor a life estate in the realty conveyed, and contained the following clause: "Also the right and privilege for those who may be appointed to settle my affairs after my decease to cut off and sell all the wood and timber, or so much thereof as may be necessary to pay whatever debts I may owe and the expense of my last sickness and funeral expenses, after my personal property left at my decease shall have been appropriated and used for that purpose, growing upon the ten acres of the easterly part of said premises": —

*Held,* that this provision was void as a reservation, because made to others than the grantor.

*Held,* further, that it was void as an exception because repugnant to the grant.

*Held,* further, that the provision had no effect whatever.

CASE STATED for the opinion of the court under Public Laws, cap. 563, § 16, April 20, 1876. The facts are stated in the opinion of the court.

*July* 28, 1877. MATTESON, J. Thomas Young, late of Scituate, deceased, executed and delivered in his lifetime to his son, Edward S. Young, a deed dated July 17, 1861, by which he gave, granted, bargained, sold, and conveyed to the grantee in fee a certain tract of woodland containing about twenty acres, and particularly described in the deed. The *habendum* was unto him, the said Edward S. Young, his heirs and assigns, forever. Following the *habendum* was a covenant by the grantor with the grantee, of the grantor's ownership of the premises conveyed, and also a covenant of general warranty. Immediately after these covenants, and between them and the attestation clause, was inserted a reservation to the grantor of a life estate in the premises conveyed, and also a clause in the following words : " Also the right and privilege for those who may be appointed to settle my affairs after my decease to cut off and sell all the wood and timber, or so much thereof as may be necessary to pay whatever debts I may owe and the expense of my last sickness and funeral expenses, after my personal property left at my decease shall have been appropriated and used for that purpose, growing upon the ten acres of the easterly part of said premises."

The heirs at law of the grantee, who died during the life of

his father, and the administrator of the latter, have concurred in stating the following questions for our opinion : —

" First. Whether, under said deed, the heirs of the said Edward S. Young hold the wood and timber growing upon the ten acres of the easterly part of said premises at the time of the death of the said Thomas Young, subject to the payment of said Thomas Young's debts owing at the time of his decease, and the expense of his last sickness and his funeral expenses, the personal property left at the time of his decease being insufficient for that purpose ?

" Second. Whether the administrator of said Thomas Young has the right to enter upon said premises for the purpose of cutting down, carrying off, and selling said wood and timber, for the purposes and to the extent mentioned in said deed, to wit : for the payment of deceased's debts, expense of his last sickness, and funeral expenses, there not being sufficient personal property of the deceased for that purpose ? "

The answer to these questions depends upon the clause of the deed which we have quoted. That clause clearly indicates what was the intention of the grantor. We should be glad to give effect to that intention if we could consistently with the established rules of law ; but this we cannot do. We cannot treat the clause in question as a valid reservation, because it is made to strangers to the deed and not to the grantor. A reservation must be to the grantor. Sheppard's Touchstone, *80 ; 3 Washburn Real Property, *640 ; *Borst* v. *Empie*, 5 N. Y. 33, 38 ; *Hornbeck* v. *Westbrook*, 9 Johns. Rep. 72, 74 ; *Jackson* v. *Swart*, 20 Johns. Rep. 85, 87; *Voorhees* v. *The Presbyterian Church of Amsterdam*, 8 Barb. S. C. 135, 147. Nor can we treat the clause as an exception. It did not take out of the grant any of the wood or timber then growing upon the land conveyed, the title to which remained in the grantor, but purported, notwithstanding the grant, to invest others, strangers to the deed, with the right to cut all or a portion of the wood and timber growing upon the land conveyed at the decease of the grantor. This was clearly repugnant to the grant, and therefore, according to the settled rules of construction, void. We think that both questions must be answered in the negative.

The petition is not strictly in accordance with Pub. Laws,

cap. 563, § 16, April 20, 1876, since two of the heirs at law of Edward S. Young are infants, and have concurred in stating the questions for our opinion by their next friends, and not by their guardians. Inasmuch, however, as our opinion is favorable to their interests, we have thought proper to declare it, notwithstanding that objection.

*Colwell & Colt*, for petitioners.